NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ABDUL J. MALIK, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 13-5948 (FSH) |
| KAPLAN INC., | : **OPINION & ORDER** |
| Defendant. | : Date:  February 14, 2014 |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e).  (Dkt. No. 5.)  The Court has reviewed the submissions of the parties and considers the motions pursuant to Federal Rule of Civil Procedure 78.  Plaintiff failed to oppose Defendant's motion to dismiss.

Plaintiff filed his Complaint on October 4, 2013 and is proceeding *pro se*.[1]

### I.   BACKGROUND[2]

Plaintiff Abdul Malik ("Plaintiff" or "Malik") is a licensed physician in Pakistan, who came to the United States to work as a medical doctor. (Dkt. No. 1, ¶ 2.)  In order to work as a

---

[1] When considering a *pro se* complaint, the Court is mindful that it must construe the complaint liberally in favor of the plaintiff.  *See Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

[2] These facts are taken from Plaintiff's Complaint, unless otherwise noted.

medical doctor in the United States, Plaintiff needs to complete the required licensing examinations. (Dkt. No. 1, ¶¶ 4, 10.) Plaintiff alleges that in 1992 he became disabled and underwent several surgical procedures. (Dkt. No. 1, ¶ 3.)

Defendant Kaplan Inc. ("Defendant" or "Kaplan") offers test preparation course in a variety of subject areas, including medicine. Plaintiff enrolled in Kaplan's courses at various times since 1992 but could not complete the courses due to medical problems. (Dkt. No. 1, ¶ 5.) In 2009, Plaintiff again enrolled in Kaplan courses but had to stop attending the courses by late 2010 due to surgery on his shoulder and his spouse's medical condition. (Dkt. No. 1, ¶ 7.) Plaintiff sent letters to Kaplan's CEO and chief administrator requesting to complete the courses free of charge. (Dkt. No. 1, ¶ 8.)

Plaintiff requests that the Court order Kaplan to provide Plaintiff with these courses free of charge and order Kaplan to refund $15,000 to compensate Plaintiff for money spent on Kaplan courses over the years. (Dkt. No. 1, ¶¶ 12-13.)

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

### III.   DISCUSSION

Plaintiff sues Defendant under the Americans with Disabilities Act ("ADA") with respect to a place of public accommodation—namely, Kaplan's prep courses pertaining to medical residency.[3] Section 302 of Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public

---

[3] There is also an argument that Plaintiff's claims fall under Section 309 of Title III of the ADA. Section 309 provides that "[a]ny person that offers examinations or courses related to applications, licensing, certification, or credentialing for secondary or post-secondary education, professional, or trade purposes shall offer such examinations or courses in a place and manner accessible to persons with disabilities or offer alternative accessible arrangements for such individuals." 42 U.S.C. § 12189. However, the better reading of Secion 309 is that it only applies to courses that directly lead to applications, licensing, certification, or credentialing rather than optional courses that provide preparation for a test required for applications, licensing, certification, or credentialing. For example, a company that administers a test that is required to become licensed would fall under Section 309 while a company that provides a course or service that merely prepares a person for that licensing test would fall under Section 302.

accommodation." 42 U.S.C. § 12182; *see also Doe v. Nat'l Bd. of Med. Examiners*, 199 F.3d 146, 157 (3d Cir. 1999). "In order to succeed on a claim under Title III of the ADA, a plaintiff must prove that: (1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation." *Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008).

Plaintiff's claims fail for at least two reasons. First, Plaintiff fails to allege that he was discriminated against on the basis of a disability, and he fails to state how, or in what manner, he was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. Plaintiff's Complaint only alleges that he was unable to complete Kaplan courses because of his medical conditions and his wife's health. Plaintiff never alleges that Kaplan discriminated against him on the basis of his disability.

Second, Plaintiff requests monetary relief for alleged violations of the ADA, to wit, free courses and a refund of previously paid money.[4] This type of relief is not available under the statute. Title III of the ADA provides that a plaintiff is only entitled the "[t]he remedies and procedures set forth in section 2000a-3(a) of this title." 42 U.S.C. § 12188(a)(1). Under 42 U.S.C. § 2000a-3(a), an individual may commence "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order[.]" In short, "Title III defendants cannot be liable for money damages." *Bowers v. Nat'l Collegiate*

---

[4] Plaintiff does not request any sort of accommodation from Kaplan.

*Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003). For these reasons, Plaintiff's complaint must be dismissed.

### IV.     CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 14th day of February, 2014,

**ORDERED** that Defendant's motions to dismiss (Dkt. No. 5) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff may file an Amended Complaint within **30 days** of this Order should he be able to address the deficiencies discussed above.

 /s/ Hon. Faith S. Hochberg
Hon. Faith S. Hochberg, U.S.D.J.
