NOT FOR PUBLICATION                                              CLOSED

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ABDUL J. MALIK, | : |
| Plaintiff, | : |
| v. | : Civil Case No. 13-5948 (FSH) |
| KAPLAN INC., | : **OPINION & ORDER** |
| Defendant. | : Date:  May 5, 2014 |

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's motion to dismiss Plaintiff's amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for substantially the same reasons the Court previously dismissed Plaintiff's original complaint. (Dkt. No. 17.) The Court has reviewed the submissions of the parties and considers the motions pursuant to Federal Rule of Civil Procedure 78.  Plaintiff filed his amended complaint on March 5, 2014 and is proceeding *pro se*.[1]

**I.      BACKGROUND**[2]

Plaintiff Abdul Malik ("Plaintiff" or "Malik") is a licensed physician in Pakistan, who came to the United States to work as a medical doctor.  In order to work as a medical doctor in

---

[1] When considering a *pro se* complaint, the Court is mindful that it must construe the complaint liberally in favor of the plaintiff.  *See Erikson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in a light most favorable to the plaintiff." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  Liberal construction does not, however, require the Court to credit a *pro se* plaintiff's "bald assertions" or "legal conclusions." *Id.*

[2] These facts are taken from Plaintiff's amended complaint, unless otherwise noted.

the United States, Plaintiff needs to complete the required licensing examinations. Plaintiff alleges that in 1992 he became disabled and underwent several surgical procedures. Plaintiff never states how he is disabled.

Defendant Kaplan Inc. ("Defendant" or "Kaplan") offers test preparation course in a variety of subject areas, including medicine. Plaintiff enrolled in Kaplan's preparation courses but could not complete the courses due to medical problems. Plaintiff notes that Kaplan offers donations and scholarships to some educational institutions, social organizations, and students to give back to the community. Plaintiff sent letters to Kaplan's CEO and chief administrator requesting to complete the courses free of charge as part of this outreach. Kaplan turned down Plaintiff's requests. Plaintiff believes that Kaplan discriminated against him, under § 302 of the Americans with Disabilities Act, because they denied his requests for free prep courses. Plaintiff argues that Kaplan is a large business and providing him with free courses will not affect them financially. Plaintiff requests that the Court order Kaplan to provide Plaintiff with these courses free of charge.

## II.     STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) ("[S]tating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This does not impose a probability requirement at the pleading stage, but instead simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.") (internal quotations omitted).

When considering a motion to dismiss under *Iqbal*, the Court must conduct a two-part analysis. "First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (internal citations and quotations omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Iqbal*, 129 S. Ct. at 1949 (internal quotations and alterations omitted).

## III.  DISCUSSION

Plaintiff sues Defendant under the Americans with Disabilities Act ("ADA") with respect to a place of public accommodation—namely, Kaplan's prep courses pertaining to medical residency. Section 302 of Title III of the ADA provides that "no individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182; *see also Doe v. Nat'l Bd. of Med. Examiners*, 199 F.3d 146, 157 (3d Cir. 1999).

"In order to succeed on a claim under Title III of the ADA, a plaintiff must prove that: (1) he was discriminated against on the basis of disability; (2) in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation; (3) by any person who owns or operates a place of public accommodation."

*Louisiana Counseling & Family Servs., Inc. v. Makrygialos, LLC*, 543 F. Supp. 2d 359, 365 (D.N.J. 2008).

Plaintiff's amended complaint still fails for the reasons stated in the Court's previous Order.  Plaintiff fails to allege that he was discriminated against on the basis of a disability, and he fails to state how, or in what manner, he was deprived of the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.  Plaintiff's amended complaint only alleges that Kaplan decided not to give him free courses even though he is disabled (although Plaintiff never explains in what way he is disabled).  This is not a cognizable claim under § 302 of the ADA.

Moreover, Plaintiff still requests monetary relief for alleged violations of the ADA in the form of free courses.  This type of relief is not available under the statute.  Title III of the ADA provides that a plaintiff is only entitled the "[t]he remedies and procedures set forth in section 2000a-3(a) of this title."  42 U.S.C. § 12188(a)(1).  Under 42 U.S.C. § 2000a-3(a), an individual may commence "a civil action for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order[.]"  In short, "Title III defendants cannot be liable for money damages."  *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003).  Plaintiff does not request any sort of reasonable accommodation to make the courses accessible to him.  Apparently, the courses are readily accessible to Plaintiff.  Plaintiff simply does not want to pay for access to Kaplan's courses.  For these reasons, Plaintiff's complaint must be dismissed.

### IV.   CONCLUSION & ORDER

For the reasons stated above,

**IT IS** on this 5th day of May, 2014,

**ORDERED** that Defendant's motions to dismiss (Dkt. No. 17) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's amended complaint is **DISMISSED**; and it is further

**ORDERED** that the Clerk of the Court **CLOSE** this case; and it is further

**ORDERED** that the Clerk of the Court is to mail a copy of this Order to the *pro se* Plaintiff.

        **SO ORDERED.**

        **/s/ Hon. Faith S. Hochberg_____**
        **Hon. Faith S. Hochberg, U.S.D.J.**